IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN M. TAYLOR
     Plaintiff,

vs.                       Case No. 5:09cv304/RS/MD

B. GORDAN, et al.,
     Defendants.

_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The initial partial filing fee has been paid. (Doc. 20). Upon review of the complaint, the court concludes that plaintiff has failed to present an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). **Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).** *Mitchell v. Farcass*, **112 F.3d 1483, 1485 (11ᵗʰ Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.** *Hunnings v. Texaco, Inc.*, **29 F.3d 1480, 1483 (11ᵗʰ Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.** *See Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."** *Cottone v. Jenne*, **326 F.3d 1352, 1357 (11ᵗʰ Cir. 2003);** *Marsh v. Butler County, Ala.*, **268 F.3d 1014, 1022 (11ᵗʰ Cir. 2001).**

**Plaintiff is an inmate of the Florida penal system currently confined at Liberty Correctional Institution. (Doc. 23). He was confined at Graceville Correctional Institution at the time he filed his complaint. (Doc. 1). His complaint names six defendants, all prison officials within the Florida Department of Corrections: B. Gordan, John Hagans, Mark Henry, Walter McNeil, Sam Bowden and Mr. Davis. The essence of plaintiff's claim is that he is entitled, under Rule 33-601.105 of the Florida Administrative Code, to the restoration of forfeited gaintime for the period October 10, 1998 to April 28, 2007, due to his having remained "clean" for one year since his last disciplinary infraction. As relief, he seeks restoration of the forfeited gaintime.**

**Although plaintiff filed his complaint under 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus – he claims he is being deprived unlawfully of gaintime and seeks immediate, or speedier release. The Supreme Court stated in**

*Preiser v. Rodriguez*, **411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, when a prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus.** *Preiser*, **411 U.S. at 500, 93 S.Ct. at 1841. Regardless of the label plaintiff may place on this action, in order to challenge the validity of his incarceration on the grounds that his constitutional rights have been violated, he must pursue his claims through habeas corpus.** *Prather v. Norman*, **901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam);** *McKinnis v. Mosley*, **693 F.2d 1054, 1057 (11th Cir. 1982).**

**In that regard, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court.** *Rose v. Lundy*, **455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);** *Picard v. Connor*, **404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In Florida, judicial review of agency action by the Department of Corrections involving gaintime credits and calculation of a release date is available by petition for extraordinary relief in the circuit court.** *See Williams v. Moore*, **752 So.2d 574, 575 (Fla. 2000);** *Harvard v. Singletary*, **733 So.2d 1020, 1021-22 (Fla. 1999). Review of the circuit court's decision is available by petition for a writ of certiorari in the district court of appeal.** *See Sheley v. Florida Parole Commission*, **720 So.2d 216 (Fla. 1998);** *see also* **FLA.R.APP.P. 9.030(b)(2); FLA.R.APP.P. 9.100. The plaintiff here indicates that he has not initiated any state court actions with regard to the gaintime issue raised here. (Doc. 1, p. 4 in ECF). Therefore, this case should be dismissed without**

prejudice to plaintiff pursuing his claim in habeas corpus <u>after</u> exhausting his state court remedies.

Accordingly, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.

2.   That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of  November, 2010.

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**